IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EDDIE HILL,

    Plaintiff,

v.                                                                Civ. No.  06-159 JB/RHS

ALBUQUERQUE POLICE
DEPARTMENT, et al.,

    Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION REGARDING MOTION TO DISMISS

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss Plaintiffs' [sic] Complaint ("Motion to Dismiss"), filed August 23, 2006 **[Doc. 24]**.  Plaintiff is proceeding *pro se* and *in forma pauperis*.  Plaintiff's Complaint, liberally construed, alleges that his constitutional rights were violated when he was unlawfully arrested, incarcerated for sixteen months and forced to work as a "jail pod porter" during his detention.  Defendants move for dismissal of Plaintiff's Complaint, contending that his claims are barred by the statute of limitations, res judicata and/or collateral estoppel and that Plaintiff's Complaint fails to state claims upon which relief can be granted.  (See Motion to Dismiss at 1, ¶¶ 1-3).  The Court, having reviewed the parties' submittals, the relevant law and being otherwise advised in the premises, finds Defendants' motion is well-taken in part and recommends that it be granted in part and denied in part.

*Plaintiff's false arrest/imprisonment claim*

Defendants contend that the "incident complained of in each [of Plaintiff's] lawsuit[s] occurred in 2002."[1] (Defendants' Memorandum in Support of their Motion to Dismiss ("Memorandum in Support") at 2, ¶ 10, filed Aug. 23, 2006 **[Doc. 25]**).  Thus, Defendants assert that Plaintiff's Complaint, filed on February 27, 2006, is barred by the three year statute of limitations on § 1983 claims.[2]  Plaintiff counters that although he "was arrested on the crime in 2002" (Response, filed Aug. 29, 2006 **[Doc. 26]**), he is "well within the statute of limitations" because he began to exhaust his remedies when he realized his rights had been violated following his acquittal in 2004 (Plaintiff's Response to Defendants' Reply to Plaintiff's Response to Motion to Dismiss at unnumbered p.2, filed Oct. 11, 2006 **[Doc. 29]**).  Thus, Plaintiff apparently argues that the statute of limitations on his unlawful arrest/imprisonment claim did not begin to run until 2004.

The United States Supreme Court recently clarified when the limitations period begins to run on a § 1983 false arrest / false imprisonment claim in Wallace v. Kato, 127 S.Ct. 1091 (2007).  The Supreme Court explained that the limitations period on a false imprisonment claim begins when the alleged false imprisonment ends. Wallace, 127 S.Ct. at 1096 (citations omitted). "[A] false imprisonment ends once the victim becomes held *pursuant to . . . [legal] process* - when, for example, he is bound over by a magistrate or arraigned on charges." Wallace, 127 S.Ct. at 1096 (citations omitted).  A review of the state court docket in State v. Hill, D-202-CR-

---

[1]As support for this contention, Defendants cite to "Exhibit A attached herein."  However, the only document attached to Defendants' Memorandum in Support is a duplicate copy of Defendants' Memorandum in Support.

[2]The parties do not dispute that the statute of limitations on Plaintiff's § 1983 claims is three years.

200203637 indicates that Plaintiff was arraigned on November 1, 2002.  See  <

http://www.nmcourts.com/caselookup/partySearchResults.htm >.  Because Plaintiff's Complaint

was filed more than three years later, in February of 2006, the Court finds that Plaintiff's claim of

false arrest and/or false imprisonment is untimely and should be dismissed on that basis.

Finally, to the extent that Plaintiff attempts to assert a claim of equal protection under the

Fourteenth Amendment or a claim based on the "rights retained by the people" under the Ninth

Amendment, the Court finds those claims to be time-barred.  Plaintiff's allegations fail to identify

any reason why he should not have known of the factual basis for these claims when he was

arrested and detained in 2002.  As Defendants point out, § 1983 claims generally "accrue when

the plaintiff knows or *should know* that his or her constitutional rights have been violated."  Smith

v. City of Enid, 149 F.3d 1151, 1154 (10th Cir. 1998) (citation and internal quotation marks

omitted) (emphasis added).

*Plaintiff's forced labor claim*

Plaintiff alleges that he was forced to work as a "jail pod porter" during an approximately

sixteen month period of detention, in violation of his rights under the Thirteenth Amendment

(prohibition of slavery).  (See Prisoner's Civil Rights Complaint at unnumbered attachment

following page 3, filed Feb. 27, 2006 **[Doc. 1]**).  It is not apparent to the Court that this claim is

time-barred; nor is it clear that the principles of res judicata or collateral estoppel apply.  In their

Motion to Dismiss, Defendants neither discuss or address the claim, nor offer any basis for its

dismissal.  Accordingly, the Court finds that Defendants' Motion to Dismiss should be denied

without prejudice as to Plaintiff's claim that he was improperly forced to work as a "jail pod

porter" during his detention.

**Conclusion**

The Court recommends that Defendants' Motion to Dismiss be **granted** as to Plaintiff's false arrest / false imprisonment claim. The Court further recommends that Defendants' Motion to Dismiss be **denied** without prejudice as to Plaintiff's claim that he was forced to work as a "jail pod porter" while detained.

Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

　　　　　　　　　　　　　　　　*Robert Hayes Scott*
　　　　　　　　　　　　　　　　ROBERT HAYES SCOTT
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE