IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EDDIE HILL,

       Plaintiff,

v.                                              No. CIV 06-159 JB/RHS

ALBUQUERQUE POLICE
DEPARTMENT, MIKE RUNYAN,
Albuquerque Police Officer, and
JAMES BADWAY, Albuquerque
Police Officer,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Defendants' Motion to Dismiss Plaintiffs' [sic] Complaint, filed August 23, 2006 (Doc. 24)("Motion to Dismiss"); (ii) the Magistrate Judge's Proposed Findings and Recommended Disposition Regarding Motion to Dismiss, filed March 14, 2007 (Doc. 33)("PFRD"); (iii) the Defendants' Objections to Magistrate Judge's Findings and Recommeded [sic] Disposition Regarding Motion to Dismiss, filed March 26, 2007 (Doc. 34)("Defendants' Objections"); (iv) the Plaintiff's Objections to Magistrates [sic] Judge's Proposed Findings and Recommended Disposition Regarding Motion to Dismiss, filed April 9, 2007 (Doc. 37)("Hill's Objections"); and (v) the Defendants' Motion to Strike Plaintiff's Objections to Magistrates Judge's Proposed Findings and Recommended Disposition Regarding Motion to Dismiss, filed April 11, 2007 (Doc. 40)("Motion to Strike"). The Court has carefully reviewed the record, the PFRD, and the parties' objections. Because the Court agrees that the statute of limitations bars Hill's claims associated with his allegedly unlawful arrest and false imprisonment, the Court will dismiss those claims. Because the Court believes that the record is insufficient for it to determine whether

the statute of limitations or some other preclusion doctrine bars Hill's forced labor claim, the Court

will not dismiss that claim at this time.  The Defendants' motion to dismiss is granted in part and

denied in part.  Accordingly, the Court will overrule both Hill's and the Defendants' objections to the

Magistrate Judge's PFRD.  Because the Court believes that, under the prisoner "mailbox rule," Hill's

objections are timely filed, the Court will deny the Defendants' motion to strike them from the record.

## FACTUAL BACKGROUND

This lawsuit is at least the third that Hill has brought against the Albuquerque Police

Department ("APD") and individual APD officers related to alleged constitutional violations

associated with a number of arrests in 2002.  On October 21, 2002, Hill filed a lawsuit in the State

of New Mexico Second Judicial District alleging violations of his right to due process and of rights

protected by the Fourth and Eighth Amendments, as well as other claims under the New Mexico

Constitution and state tort law.  See Harbison v. Albuquerque Police Dep't, No. D-202-CV-

200207473 (N.M. Second Jud. Dist. 2002).  Hill asserted these claims in relation to a July 2002

encounter with APD officers during which Hill and an acquaintance, Clarence Harbison, were taken

into custody in association with accusations that they had carjacked an automobile.  See id.,

Complaint, filed October 21, 2002 (docket available at www.nmcourts.com/caselookup).  The

Defendants removed the case to federal court on January 10, 2003.  See Harbison v. Albuquerque

Police Dep't, No. CIV-03-0042 MV/WDS (D.N.M. 2003), Notice of Removal, filed January 10,

2003 (Doc. 1).  Based on Hill's and Harbison's failure to respond to the Defendants' motions to

dismiss, the Honorable Martha Vazquez, United States District Judge,[1] dismissed the case.  See

---

[1]Judge Vazquez is now Chief Judge of the United States District Court for the District of New Mexico.

Harbison v. Albuquerque Police Dep't, No. CIV-03-0042 MV/WDS, Default Order Granting Defendant Albuquerque Police Department's Motion for Entry of a Default Order Granting Albuquerque Police Department's Motion to Dismiss Plaintiffs' Complaint Against It, filed June 23, 2003 (Doc. 16); Default Order Granting Defendant Officers Pacheco, Hughes, Longobardi, and Badway's Motion for Entry of a Default Order Granting Defendant Officers Pacheco, Hughes, Longobardi and Badway's Motion for Judgment on the Pleadings, filed August 4, 2003 (Doc. 18).

Hill filed a second lawsuit in federal court on January 11, 2005. See Hill v. Albuquerque Police Dep't, No. CIV-05-0031 RB/LAM (D.N.M. 2005). Hill's second lawsuit raised claims under 42 U.S.C. §§ 1981 and 1985 against the same Defendants named in his October 2002 state lawsuit. See Hill v. Albuquerque Police Dep't, No. CIV-05-0031 RB/LAM, Prisoner's Civil Rights Complaint at 2, filed January 11, 2005 (Doc. 1). On August 11, 2005, the Honorable Robert C. Brack, United States District Judge, determined that res judicata barred Hill's second lawsuit and dismissed the complaint. See Hill v. Albuquerque Police Dep't, No. CIV-05-0031 RB/LAM, Memorandum Opinion and Order, filed August 16, 2005 (Doc. 11). Judge Brack concluded that, "[b]ecause [Hill] previously filed a complaint against these Defendants, he could have asserted the [42 U.S.C. §§ 1981 and 1985] claims in his first complaint," and therefore he was barred from bringing the claims in a subsequent lawsuit. Id. at 2.

## PROCEDURAL HISTORY

On February 27, 2006, Hill filed his complaint that serves as the basis for this case. See Prisoner's Civil Rights Complaint, filed February 27, 2006 (Doc. 1)("Complaint"). Hill's Complaint alleges violations of the Fourth, Fifth, Ninth, Thirteenth, and Fourteenth Amendments. See id., Part C, at 3-4 and attachment. Specifically, Hill alleges that he was the subject of a warrantless arrest

-3-

without probable cause, that he was incarcerated for approximately sixteen months without having violated the law, and that, during his incarceration, he was forced to work as a "jail pod porter" without having been convicted of a crime.  See id.

Although Hill's Complaint does not include any dates, he states that his claims derive from an incident in which the Defendants kicked the door in at his friend's apartment without an arrest warrant or probable cause, and proceeded to arrest him for criminal trespass and possession of a controlled substance.  See id., Part B, at 2.  Hill states that, subsequent to this arrest, he was incarcerated for approximately sixteen months and "was only released when New Mexico State Judge Ross C. Sanchez[] . . . found that [he] was not trespassing and the search was illegal."  Id.

A search of New Mexico state court records reveals that Hill was arrested at least twice in October 2002.  APD officers arrested Hill on October 24, 2002 and the following charges were brought against him: (i) possession of a controlled substance with intent to distribute in violation of N.M. Stat. Ann. § 30-31-20(A)(3)(B)(1); (ii) possession of cocaine in violation of N.M. Stat. Ann. § 30-31-23(B)(5); (iii) aggravated assault with a deadly weapon in violation of N.M. Stat. Ann. § 30-3-2(A); (iv) aggravated assault with intent to commit a felony in violation of N.M. Stat. Ann. § 30-3-2(C); (v) possession of drug paraphernalia in violation of N.M. Stat. Ann. § 30-31-25.1(A); and (vi) tampering with evidence in violation of N.M. Stat. Ann. § 30-22-5.  See State v. Hill, No. D-202-CR-200203568 (N.M. Second Jud. Dist. 2002)(docket available at www.nmcourts.com/caselookup). The case was assigned to the Honorable James F. Blacker, New Mexico District Judge.  See id.  A jury found Hill guilty of possession of cocaine and possession of drug paraphernalia on March 5, 2004.  See id.

Hill was also arrested on October 29, 2002 and charged with possession of cocaine and

-4-

criminal trespass. <u>See</u> <u>State v. Hill</u>, No. D-202-CR-200203637 (N.M. Second Jud. Dist. 2002)(docket available at www.nmcourts.com/caselookup). The case was assigned to the Honorable Ross C. Sanchez, New Mexico District Judge. <u>See</u> <u>id.</u> Hill filed a motion to suppress evidence in the case on January 9, 2004, and Judge Sanchez granted the motion on March 9, 2004. <u>See</u> <u>id.</u> Subsequent to Judge Sanchez' grant of Hill's motion, the prosecutor filed a nolle prosequi in Hill's case, and dismissed the possession and criminal trespass charges against him. <u>See</u> <u>id.</u>

The Honorable Robert H. Scott, United States Magistrate Judge, filed his proposed findings and recommended disposition in this case on March 14, 2007. Judge Scott determined that, to the extent Hill's Complaint alleged a claim based on an unlawful arrest or imprisonment, the statute of limitations barred his claim. <u>See</u> PFRD at 2-3. Judge Scott denied the Defendants' motion to dismiss Hill's complaint, however, to the extent it asserts a forced labor claim under the Thirteenth Amendment. <u>See</u> <u>id.</u> at 3. Judge Scott stated that "[i]t is not apparent to the Court that this claim is time-barred; nor is it clear that the principles of res judicata or collateral estoppel apply." <u>Id.</u>

On March 26, 2007, the Defendants filed objections to Judge Scott's PFRD. <u>See</u> Defendants' Objections. The Defendants limit their objections to this latter finding and argue that Judge Scott erred in not dismissing Hill's Thirteenth Amendment claim. <u>See</u> Defendants' Objections at 3-5. Hill filed his objections on April 9, 2007. <u>See</u> Hill's Objections. Hill limits his objections to Judge Scott's finding that the statute of limitations barred Hill's unlawful arrest and false imprisonment claims. <u>See</u> <u>id.</u>

## <u>ANALYSIS</u>

The Defendants argue that res judicata and the statute of limitations bar all of Hill's claims in this lawsuit and request that the Court dismiss all of Hill's claims. The Defendants also contend

that, because Hill's objections to the PFRD were not timely filed, the Court should strike them from the record.  The Court agrees that the statute of limitations bars at least some of Hill's claims in this lawsuit.  Based on the record before it, however, the Court does not have enough information to determine that all of his claims are time barred or that res judicata precludes his claims.

## I.      HILL'S OBJECTIONS ARE NOT UNTIMELY AND THE COURT WILL NOT STRIKE HILL'S OBJECTIONS FROM THE RECORD.

The Magistrate Judge's PFRD indicated that the parties had ten days from the time of service to file written objections to the proposed findings and recommendations.  See PFRD at 4.  The PFRD was served on Plaintiff Eddie Hill by mail in accordance with rule 5(b)(2)(B) of the Federal Rules of Civil Procedure on March 14, 2007.  Rule 6(e) states that, "whenever a party must or may act within a prescribed period after service and service is made under Rule 5(b)(2)(B), (C), or (D), 3 days are added after the prescribed period would otherwise expire under [Rule 6](a)."  Fed. R. Civ. P. 6(e).

Rule 6(a) instructs that, in computing time periods, the day upon which the act beginning the designated time period is taken is not included, and, when the period of time prescribed or allowed is less than eleven days, weekends and holidays are excluded from the computation.  Beginning its computation on March 15, 2007, allowing three additional days for service by mail, and excluding weekends and holidays, Hill's objections were due on April 2, 2007.

On March 27, 2007, Hill notified the Court of a change of address.  See Notice of Change of Address, filed March 27, 2007 (Doc. 36).  Hill's change of address notice indicates that he has been transferred to the Western New Mexico Correctional Facility in Grants, New Mexico.  See id.  The Court has not received, however, any notice that service of the Magistrate Judge's PFRD was defective or had any of its correspondence with Hill returned as undeliverable.

-6-

Hill represents that he received the Magistrate's PFRD on March 26, 2007.  See Hill's Objections at 1.  The Certificate of Service attached to Hill's Objections indicates that he "filed by U.S. Mail the foregoing document(s) with the Clerk of the Court invoking the mailbox rule of filing" on April 2, 2007.  The Clerk of the Court time-stamped Hill's Objections and entered the filing onto the Court's docket on April 9, 2007.

The Defendants assert that Hill's objections were due by March 28, 2007 and therefore his filing on April 9, 2007 was twelve days late.  See Motion to Strike ¶¶ 7, 12, at 3.  As the Court has explained, however, Hill's objections were not due until April 2, 2007.  Hill invokes the "mailbox rule" and represents that he filed his objections on April 2, 2007.  Under the mailbox rule, a prisoner's papers are deemed filed when he gives them to a prison official rather than when they are actually filed with the court.  See Fogle v. Estep, No. 06-1413, 2007 U.S. App. LEXIS 7222, at *6 (10th Cir. March 27, 2007).  A prisoner may take advantage of the mailbox rule by demonstrating his use of the legal mail system.  See Price v. Philpot, 420 F.3d 1158, 1166-67 (10th Cir. 2005).  Hill has certified that he deposited his objections with the U.S. Mail on April 2, 2007, see Hill's Objections, Certificate of Service, at 8, and the envelope  in which the Court received his objections properly bears a United States Postal Service postage stamp, see Hill's Objections, Envelope, at 9.  The Court concludes that Hill's objections were timely filed and will deny the Defendants' motion to strike the objections.

## II.    THE STATUTE OF LIMITATIONS BARS HILL'S CLAIMS ASSOCIATED WITH HIS UNLAWFUL ARREST AND FALSE IMPRISONMENT.

Judge Scott concluded that the statute of limitations[2] barred Hill's claims associated with his

---

[2]Judge Scott noted that the parties did not dispute that the statute of limitations on Hill's claims brought under 42 U.S.C. § 1983 is three years.  See PFRD at 2 n.2.  The Court agrees.  See Wilson v. Garcia, 471 U.S. 261, 280 (1985)(analogizing 42 U.S.C. § 1983 actions to personal injury actions and holding that the three-year statute of limitations applicable to personal injury actions

allegedly unlawful arrest and false imprisonment.  Hill counters that he began to exhaust his remedies when Judge Sanchez suppressed the evidence against him and "therefore [he is] still well within the statute of limitations."  Untitled Filing at 2, filed October 11, 2006 (Doc. 29).  See Untitled Filing at 3, filed August 27, 2006 (Doc. 26)("By filing the suit in February of 2006 . . . I am still well within the three year statute of limitations.").

Hill has not, however, referenced any administrative claim, grievance procedure, or other type of remedial action related to his October 2002 arrest and subsequent imprisonment other than this action in federal court.  In addition, Hill emphatically disputes that any of the previous actions he has brought in state and/or federal court are related to this action.  See Plaintiffs Motion to Show Cause at 5, filed May 1, 2006 (Doc. 11)("The current action is totally different from the preceeding [sic] actions as this action is in regards to an illegal search and seizure arrest . . . that is separate from all other actions.").

While he references Judge Sanchez' suppression of the evidence against him in 2004, he did not file his Complaint in this action until February 27, 2006.  Hill explains that he did not file his action at the time of his arrest and imprisonment in 2002, because he "had been wrongfully accused, wrongfully arrested, and wrongfully jailed," and had no reason to believe that he "would not be wrongfully convicted."  Plaintiff's Response to the Defendants Objections to Magistrate Judges Findings at 2, filed April 11, 2007 (Doc. 39)("Hill's Response to Defendants' Objections").

In his PFRD, Judge Scott relied on the Supreme Court of the United States' recent decision

_____

under state tort law applied to 42 U.S.C. § 1983 actions filed in New Mexico); Hull v. N.M. Taxation & Revenue Dep't's Motor Vehicle Div., 179 Fed. Appx. 445, 447 (10th Cir. 2006)(citing Wilson v. Garcia and holding that civil rights actions brought under 42 U.S.C. § 1983 are subject to a three-year statute of limitations in New Mexico).

in Wallace v. Kato, 127 S. Ct. 1091 (2007), a case in which the Supreme Court clarified when the limitations period begins to run on a 42 U.S.C. § 1983 claim for false arrest and false imprisonment. The Supreme Court in Wallace v. Kato indicated that, for the purpose of this analysis, the two torts could be combined and referred to together as false imprisonment -- detention without legal process. See id. at 1095. The Supreme Court explained that the limitations period on a false imprisonment claim begins to run when the alleged false imprisonment ends, and that "false imprisonment ends once the victim becomes held pursuant to such process -- when, for example, he is bound over by a magistrate or arraigned on charges." Id. at 1096 (emphasis in original). Once the period of false imprisonment ends, "unlawful detention forms part of the damages for the 'entirely distinct' tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process." Id. (emphasis in original).

Hill was arraigned on charges of criminal trespass and possession of a controlled substance on November 1, 2002. See State v. Hill, No. D-202-CR-200203637, Docket. Hill has not alleged any remedial action associated with the arrest and imprisonment underlying those charges until February 2006. Accordingly, the Court agrees with Judge Scott that the statute of limitations bars Hill's unlawful arrest and false imprisonment claim.

Nor can Hill's claims, liberally construed, be read to establish a cause of action for malicious prosecution. The factual basis of Hill's Complaint focuses on his allegedly unlawful arrest and incarceration, the Complaint makes no reference to his prosecution, and does not name as defendants any person or entity involved in the prosecutorial process. The Supreme Court in Wallace v. Kato acknowledged that malicious prosecution is an "entirely distinct" tort, see id. at 1096, "and probably a tort chargeable to defendants other than the respondents [in the false imprisonment case]," see id.

at 1097.

Hill argues that there was no way for him to know that his rights had been violated at the time of his arrest in 2002. Hill contends that, at the time of his imprisonment he had no way to know that he would be convicted and that, if he were convicted, "then by law . . . I would not have been falsely imprisoned and so in turn, that Constitutional right would not have been violated and the suit would not make sense." Hill's Response to Defendants' Objections. Hill's argument does not withstand scrutiny. Hill's claims for unlawful arrest and false imprisonment are not contingent upon his conviction, he would have been aware of possible claims at the time of his arrest, and "[t]here can be no dispute that [Hill] could have filed suit as soon as the allegedly wrongful arrest occurred, subjecting him to harm of involuntary detention." Wallace v. Kato, 127 S. Ct. at 1095. In sum, to the extent that Hill's claims can be construed to constitute a civil rights action analogous to claims for unlawful arrest and false imprisonment, the statute of limitations bars those claims.

## III.   THE COURT CANNOT TELL, BASED ON THE RECORD BEFORE IT, WHETHER THE STATUTE OF LIMITATIONS AND/OR RES JUDICATA BARS HILL'S FORCED LABOR CLAIM.

Unlike his unlawful arrest and false imprisonment claims, the Court does not have enough information about Hill's forced labor claim brought under the Thirteenth Amendment to conclude that it is likewise time barred. Hill has not included dates in his pleadings indicating when he was forced to work as a "pod porter" and a significant portion of his imprisonment occurred within three years of February 2006.

The Defendants object to Judge Scott's conclusion that it is not "clear that the principles of res judicata or collateral estoppel apply" to Hill's Thirteenth Amendment claim. PFRD at 3. In support of their objection, the Defendants incorrectly assert that Hill's "Complaint is the third lawsuit

that [he] has brought involving the same parties, claims and incident." Defendants' Objections at 4. Hill's current Complaint, however, involves distinct legal theories, at least one new defendant, and is associated with a different factual incident than his two previous lawsuits.

The Court agrees with the Defendants that res judicata might bar Hill's current claim if he had the opportunity to raise it in a previous lawsuit, but declined to do so. One of the objects of res judicata is to avoid piecemeal litigation. See King v. Union Oil Co. of Cal., 117 F.3d 443, 447 (10th Cir. 1997)(noting that res judicata is designed to prevent "piecemeal litigation, unnecessary expense, and waste of judicial resources"). To effectuate this purpose, the United States Court of Appeals for the Tenth Circuit has adopted a "transactional approach" to determine whether res judicata bars a particular claim. Plotner v. AT&T Corp., 224 F.3d 1161, 1169 (10th Cir. 2000). Under this approach, "a cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence," and "[a]ll claims arising out of the transaction must therefore be presented in one suit or be barred from subsequent litigation." Countrywide Home Loans v. Davis (In re Davis), 188 Fed. Appx. 671, 675 (10th Cir. 2006)(quoting Plotner v. AT&T Corp., 224 F.3d at 1169). Because, on the record before it, the Court cannot say Hill's current lawsuit is related to the same transaction as Hill's previous lawsuits, the Court does not agree that res judicata bars Hill's forced labor claim and will not dismiss that claim at this time.

**IT IS ORDERED** that the Defendants' Motion to Dismiss Plaintiffs' Complaint is granted in part and denied in part. To the extent that Hill's Complaint raises claims related to unlawful arrest and false imprisonment, the Court will dismiss those claims; to the extent that Hill's Complaint raises forced labor claims, the Court will not dismiss those claims at this time. The Defendants' objections to the Magistrate Judge's findings are overruled. Hill's objections to the Magistrate Judge's findings

are overruled.  The Defendants' Motion to Strike Plaintiff's Objections to Magistrates Judge's

Proposed Findings and Recommended Disposition Regarding Motion to Dismiss is denied.


_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Eddie Hill
Grants, New Mexico

      *Plaintiff Pro Se*

Stephanie M. Griffin
Martha Chicoski
  Assistant City Attorneys
Albuquerque, New Mexico

      *Attorneys for the Defendants*