IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EDDIE HILL,

    Plaintiff,

v.                                                                                                                    Civ. No.  06-159 JB/RHS

ALBUQUERQUE POLICE
DEPARTMENT, et al.,

    Defendants.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED
DISPOSITION REGARDING DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S THIRTEENTH AMENDMENT CLAIM AND DEFENDANTS'
MOTION TO STRIKE PLAINTIFF'S RESPONSE TO DEFENDANTS' REPLY**

**THIS MATTER** comes before the Court on "Defendants' Motion to Dismiss Plaintiff's Thirteenth Amendment Prohibition of Slavery Claims" ("Motion to Dismiss"), filed July 2, 2007 **[Doc. No. 46]** and "Defendants' Motion to Strike Plaintiff's Response to Defendants' Reply to Plainitff (*sic*) Petition to Dismiss the Defendant (*sic*) Motion to Dismiss the Plaintiff (*sic*) Thirteenth Amendment Prohibition of Slavery Claims" ("Motion to Strike"), filed September 6, 2007 **[Doc. No. 57]**.  Plaintiff is proceeding *pro se* and *in forma pauperis*.  Plaintiff's Complaint, liberally construed, alleges that his constitutional rights were violated when he was held as a pretrial detainee in a county jail for approximately sixteen months and forced to work as a "jail pod porter" during that time.[1]  Defendants move for dismissal of Plaintiff's claim, asserting that the Thirteenth Amendment does not apply to Plaintiff, that Plaintiff's claim is time-barred, and

---

[1] Plaintiff contends that he "was only released when New Mexico State Judge Ross C. Sanchez[] . . . found that [he] was not trespassing and the search was illegal." (Complaint at 2 **[Doc. No. 1]**).  A review of the docket in <u>State v. Hill</u>, D-202-CR-200203637 indicates that the state criminal case was "dismissed by prosecutor" on April 5, 2004.
<http://www.nmcourts.com/caselookup/app>

that Plaintiff failed to exhaust his administrative remedies.  (See Motion to Dismiss at 3).  The Court, having reviewed the parties' submittals, the relevant law and being otherwise advised in the premises, finds that Defendants' motions are not well-taken and recommends they be denied.

### *Standard*

A rule 12(b)(6) motion to dismiss will be granted only if it appears beyond a doubt that the plaintiff is unable to prove any set of facts entitling him to relief under his theory of recovery.  Conley v. Gibson, 335 U.S. 41, 45-46 (1957).  "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."  Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir. 1984) (citation omitted).  The Court must view all reasonable inferences in favor of the plaintiff, and the pleadings must be liberally construed.  See id. (citation omitted); see also Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (explaining that *pro se* pleadings are to be construed liberally).  However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Harlow v. Fitzgerald, 457 U.S. 800 (1982).

### *Whether Plaintiff's claim is barred by the statute of limitations*

Defendants contend that Plaintiff's Thirteenth Amendment claim should be dismissed "because Plaintiff failed to bring his claim within the three-year statute of limitations."  (Motion to Dismiss at 5).  In support of this contention, Defendants point to the Court's prior determination that Plaintiff's false imprisonment claim is time barred because his complaint was not filed within three years of Plaintiff's date of arraignment.  (See Memorandum Opinion and

Order ("M.O.O.") at 9-10, filed Apr. 24, 2007 **[Doc. No. 42]**).  Defendants assert that if the arraignment date "is the date on which the statute of limitations for Plaintiff's false imprisonment claim began, it follows logically that this Court *should* consider it the date on which the statute of limitations for Plaintiff's 'forced labor' claims began to run as well." (Motion to Dismiss at 5-6 (emphasis added)).  However, Defendants offer no factual support or legal authority whatsoever to buttress this argument.[2]  Moreover, Defendants do not address the Honorable James O. Browning's finding that "*[u]nlike* [Plaintiff's] . . . false imprisonment claim[], the Court does not have enough information about Hill's forced labor claim . . . to conclude that it is likewise time barred." (M.O.O. at 10).[3]  At this stage of the proceedings, nothing in the record enables this Court to conclude that Plaintiff's forced labor claim is barred by the statute of limitations.  Accordingly, the Court finds no merit in Defendants' argument that Plaintiff's claim should be dismissed on this basis.

*Whether the Thirteenth Amendment applies to Plaintiff's forced labor claim*

The Thirteenth Amendment prohibits "involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted."  U.S. Const. amend. XIII.  The Supreme Court of the United States stated that "in every case in which this Court has found a condition of involuntary servitude, the victim had no available choice but to work or be subject to legal sanction."  United States v. Kozminski, 487 U.S. 931, 942-43 (1988) (citing Butler v.

---

[2] Defendants are reminded that "[a] motion, response or reply must cite authority in support of the legal positions advanced."  D.N.M.LR-Civ. 7.5(a).

[3] Judge Browning noted that Plaintiff "has not included dates in his pleadings indicating *when* he was forced to work as a 'pod porter' and a significant portion of his imprisonment occurred within three years of February 2006."  (M.O.O. at 10 (emphasis added)).

Perry, 240 U.S. 328, 332 (1916)).[4]  Plaintiff alleges that while he was held as a pretrial detainee, he was forced to work as a "jail pod porter" in violation of his rights under the Thirteenth Amendment.  (See Prisoner's Civil Rights Complaint at unnumbered attachment following page 3, filed Feb. 27, 2006 **[Doc. 1]**).  Defendants assert that Plaintiff's Thirteenth Amendment claim "should be dismissed because the Thirteenth Amendment[] . . . does not apply to incarcerated prisoners."  (Motion to Dismiss at 3).  The Court spent much time reviewing the cases cited by Defendants in support of this proposition, only to discover that not one of them addresses whether the Thirteenth Amendment applies to pretrial detainees.[5]

The United States Supreme Court has established "a clear distinction between the constitutional rights of" pretrial detainees and convicted prisoners.  Grabowski v. Jackson County Public Defenders Office, 47 F.3d 1386, 1395 (5th Cir. 1995) (citing Bell v. Wolfish, 441 U.S. 520 (1979)).  A pretrial detainee "may not be punished prior to an adjudication of guilt." Bell, 441 U.S. at 535.  And while a detention facility may subject a pretrial detainee to its restrictions and conditions, it may do so only if "those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." Bell, 441 U.S. at 536-37.  Defendants do not cite any authority holding that the Thirteenth Amendment's prohibition of involuntary servitude does not apply to pretrial detainees; indeed, authority exists indicating that it does.[6]

---

[4] "The term 'involuntary servitude' necessarily means a condition of servitude in which the victim is forced to work for the defendant by the use or threat of physical restraint or physical injury, or by the use or threat of coercion through law or the legal process." Kominski, 487 U.S. at 952.

[5] The failure of Defendants' counsel to cite appropriate and relevant authority is not only unprofessional and disingenuous, but also results in the unnecessary waste of judicial resources.

[6] For example, the United States Court of Appeals for the Third Circuit vacated a district court's dismissal of a plaintiff's forced labor claim, explaining that information such as the

Courts have also found that pretrial detainees may be required to perform "general housekeeping responsibilities" without violating the Thirteenth Amendment's prohibition on involuntary servitude.  See, e.g., Tourscher, 184 F.3d at 242; see also Bijeol v. Nelson, 579 F.2d 423, 425 (7th Cir. 1978) (indicating that a pretrial detainee may be compelled to perform "simple housekeeping tasks in his or her own cell and community areas").  However, based on the record before it, the Court lacks the necessary information to determine whether Plaintiff's allegations state a claim under the Thirteenth Amendment.  The Court finds no merit in Defendants' argument that the Thirteenth Amendment's prohibition of involuntary servitude did not apply to Plaintiff during his incarceration as a pretrial detainee.  Accordingly, Defendants' Motion to Dismiss Plaintiff's claim on this basis should be denied.

*Whether Plaintiff's claim is barred by lack of exhaustion*

Finally, Defendants argue that Plaintiff's claim should be dismissed due to lack of exhaustion.  Defendants correctly note that the Prison Litigation Reform Act ("PLRA") requires "that a prisoner exhaust all available administrative remedies before bringing suit" regarding the conditions of their confinement.[7]  Norton v. City of Marietta, 432 F.3d 1145, 1149 (10th Cir.

---

nature of services required and amount of time involved "is necessary before a court can determine whether the prison officials deprived [plaintiff] of this Thirteenth Amendment right to be free from involuntary servitude . . . ."  Tourscher v. McCullough, 184 F.3d 236, 242 (3d Cir. 1999) (noting that plaintiff's status appeared to be "equivalent to that of a pretrial detainee" during the relevant time period).

[7]Defendants also assert that "[t]he presence of unexhausted claims in [a prisoner's] complaint require[s] the district court to dismiss his action in its entirety without prejudice." (Motion to Dismiss at 6 (citing Ross v. County of Bernalillo, 365 F.3d 1181, 1189 (10th Cir. 2004)).  However, that exhaustion holding in Ross was explicitly overruled by the Supreme Court of the United States in Jones v. Bock, 127 S.Ct. 910 (2006).  See Freeman v. Watkins, 479 F.3d 1257, 1260 (10th Cir. 2007) (recognizing that "Jones overrules [both] Steele and Ross"). Counsel are cautioned that in submitting a motion to the Court, an attorney certifies that "legal contentions are warranted by existing law." FED. R. CIV. P. 11(b)(2).

2005) (citing 42 U.S.C. § 1997e(a)).  However, "exhaustion is an affirmative defense and . . . . the burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant."  Purkey v. CCA Detention Center, 2008 WL 313627, at *2 (10th Cir. Feb. 5, 2008) (unpublished) (quoting Freeman, 479 F.3d at 1260; Roberts v. Barreras, 484 F.3d 1236, 1241 (10th Cir. 2007)) (internal quotation marks omitted).[8]  Defendants' entire argument rests solely on their allegation that "[t]here is no indication Plaintiff accessed or exhausted his administrative remedies during this time."  (Motion to Dismiss at 7).  This allegation falls far short of meeting Defendants' burden of proving lack of exhaustion.[9]  Based on the record before it, the Court cannot conclude that Plaintiff's claim is barred due to lack of exhaustion.  Accordingly, the Court recommends that Defendants' Motion to Dismiss Plaintiff's claim on this basis be denied.

### *Defendants' Motion to Strike*

Defendants seek an order granting their request to strike Plaintiff's Response to Defendants' Reply.  (See **[Doc. No. 57]**).  However, because the Court did not consider Plaintiff's Response to Defendants' Reply in reaching its proposed findings and recommendations on Defendants' Motion to Dismiss, the Court recommends that Defendants' Motion to Strike be denied as moot.

### **Conclusion**

---

[8] "[O]nly in rare cases will a district court be able to conclude from the face of the complaint that a prisoner has not exhausted his administrative remedies."  Freeman, 479 F.3d at 1260 (citation and internal quotation marks omitted).

[9] Defendants do not even allege, much less prove, that any administrative remedies were available to Plaintiff.  See Purkey, 2008 WL 313627, at *2 (explaining that in order to meet their burden, defendants "must necessarily prove that . . . administrative remedies were, in fact, available . . . [and that plaintiff] failed to exhaust these remedies").

The Court recommends that Defendants' Motion to Dismiss **[Doc. No. 46]** be **denied** and that Defendants' Motion to Strike **[Doc. No. 57]** be **denied** as moot.

Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

*Robert Hayes Scott*

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE