# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

EDDIE HILL,

     Plaintiff,

v.                                          Civ. No.  06-159 JB/RHS

ALBUQUERQUE POLICE
DEPARTMENT, et al.,

     Defendants.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION RE: PLAINTIFF'S AND DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

THIS MATTER comes before the Court on Plaintiff's "Motion for Summary Judgment," filed July 31, 2008 **[Doc. No. 80]** and "Defendants' First Motion for Summary Judgment, and Memorandum in Support" ("Motion for Summary Judgment"), filed August 25, 2008 **[Doc. No. 82]**.  Having considered the parties' submittals, the relevant authorities and being otherwise advised in the premises, the Court finds that: (1) Plaintiff's motion is not well-taken and recommends that it be denied, and (2) Defendants' motion is well-taken and recommends that it be granted.  The Court further recommends that this civil proceeding be dismissed with prejudice.

*Standard*

Summary judgment is appropriate "if . . . there is no genuine issue as to any material fact[1] and . . . the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. ("Rule") 5(c).  Under Rule 56(c), the moving party "*always* bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings,

---

[1]"Material facts" are "facts which might affect the outcome of the suit under the governing law."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

depositions, answer to interrogatories, and admissions on file, together with the affidavits, if

any,' which it believes demonstrate the absence of a genuine issue of material fact." Reed v.

Bennett, 312 F.3d 1190, 1194 (10ᵗʰ Cir. 2002) (emphasis in original) (citation omitted).[2]  Even

where a non-movant fails to respond, the Court is not relieved of its duty to make the specific

determinations required by Rule 56(c).  See Reed, 312 F.3d at 1194.  Accordingly, this Court

must determine whether the moving parties have met their responsibilities of demonstrating that

they are entitled to summary judgment as a matter of law.  In considering a motion for summary

judgment, the court reviews the evidence and inferences drawn from the record in the light most

favorable to the nonmoving party.  Kaul v. Stephan, 83 F.3d 1208, 1212 (10ᵗʰ Cir. 1996).

*Discussion*

As Defendants note, Plaintiff's motion fails to establish that he is entitled to summary

judgment as a matter of law.  Indeed, Plaintiff neither meets his initial responsibility of

informing the Court of the basis for his motion, nor points to evidence demonstrating the

absence of a genuine issue of material fact.  Accordingly, the Court finds that Plaintiff's motion

is not well-taken and recommends that it be denied.

In their motion, Defendants contend that Plaintiff's Thirteenth Amendment forced labor

claim should be dismissed because: (1) it is barred by the statute of limitations, (2) Defendants

are protected by qualified immunity, (3) Defendants did not personally participate in the alleged

conduct at issue, and (4) Plaintiff cannot establish that a Thirteenth Amendment violation

occurred.  Because nothing indicates that either Defendant Runyan or Defendant Badway

---

[2]"Where the evidentiary matter in support of the motion does not establish the absence of
a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is
presented."  Rule 56 (Advisory Committee Notes, 1963 Amendment, Subdivision (e)).

personally participated in the alleged conduct forming the basis of Plaintiff's Thirteenth Amendment forced labor claim, the Court concludes that summary judgment should be granted in favor of Defendants Runyan and Badway on this claim.[3]

To succeed on a complaint under § 1983, Plaintiff must show some personal involvement by Defendants in the alleged constitutional violation.  See Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996).  Moreover, a civil rights action against a § 1983 defendant may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official.  See id.  In his Complaint, Plaintiff alleges that he was forced to work as a "jail pod porter" during his detention in the county jail.  Defendants Runyan and Badway aver that they had no contact with Plaintiff while he was in custody in jail, and that they had no control over the inmates and detainees housed in the Bernalillo County Detention Center, Metropolitan Detention Center or the Department of Corrections.  (See Affidavits of James Badway and Mike Runyan, Exs. G, H, attached to Defendants' Motion for Summary Judgment).

In his response, Plaintiff argues that the Defendant police officers "should have known that their act of falsely arresting Plaintiff would ultimately result in the denial of some of Plaintiff['s] constitutionally protected rights including [those under] the 13th Amendment." (Plaintiff Response to Defendants First Motion for Summary Judgment at 2, filed Sept. 10, 2008 **[Doc. No. 85]**).  Such a general allegation fails to establish the affirmative link needed to establish liability under § 1983.  Moreover, Plaintiff's claims of unlawful arrest and false imprisonment were dismissed in a previous order.  (See Memorandum Opinion and Order, filed Apr. 25, 2007 **[Doc. No. 42]**).  Because they did not personally participate in the alleged conduct

---

[3]Having found that Defendants' Motion for Summary Judgment should be granted on this basis, the Court need not address Defendants' remaining arguments.

forming the basis of Plaintiff's Thirteenth Amendment forced labor claim, Plaintiff's claim against Defendants Runyan and Badway should be dismissed.

*Conclusion*

The Court recommends that Plaintiff's motion **[Doc. No. 80]** be **denied**, that Defendants' motion **[Doc. No. 82]** be **granted**, and that Plaintiff's forced labor claim against Defendants Runyan and Badway be dismissed.  Following the dismissal of Plaintiff's claims against the Defendant police officers, the Court is not aware of any basis for maintaining this action against Defendant Albuquerque Police Department and further recommends that this civil proceeding be **dismissed** with prejudice.

Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE

4